**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

ERIC BORCIK                                             CIVIL ACTION

VERSUS                                                  NO. 13-06212

CROSBY TUGS, LLC                                        SECTION "L" (2)

**ORDER AND REASONS**

Before the Court are two motions of Defendant Crosby Tugs, LLC: a motion to quash the deposition of Jordin Early and a motion to strike her from the witness list. (Rec. Docs. 40, 44). According to Plaintiff, Ms. Early was Plaintiff's treating physician.

In moving to quash, Defendant first argues that Plaintiff has already taken 10 depositions, thus needs leave of court to take the deposition. Defendant argues that Ms. Early's deposition would be burdensome because she is not likely to add useful information, would offer duplicative information, and could testify at trial (if the Court permits her to testify). Finally, Defendant argues that Plaintiff failed to provide reasonable notice.

Along with the motion to quash, Defendant has also filed a motion to strike Ms. Early from the witness list. (Rec. Doc. 40). Defendant argues that Plaintiff failed to timely identify Ms. Early as a witness in that Plaintiff did not mention Ms. Early in the Rule 26(a) disclosures or the First Set of Interrogatories. Defendant also argues that Plaintiff failed to produce records and failed to provide an expert report for Ms. Early. Thus, Defendant argues that the Court should exclude Ms. Early from testifying at trial.

Plaintiff opposes both motions. Plaintiff argues that the Court has already authorized this and the other depositions, they are not overly burdensome, and not duplicative. In regards to the

motion to strike, Plaintiff emphasizes that he timely filed his witness list and included Ms. Early as a witness on it. Notably, Plaintiff takes issue with Defendant's characterization of Ms. Early as an expert witness. Plaintiff asserts that Ms. Early is the treating physician who will testify as a fact witness.

Contrary to Defendant's arguments, there is not sufficient reason to quash here. As Ms. Early indeed appears to be Plaintiff's treating physician, her deposition is not likely to be cumulative or duplicative under Rule 26(b)(2), but rather could reveal pertinent facts. Nor has Defendant demonstrated any undue burden in the taking of Ms. Early's deposition. There is still sufficient time to notice and take her deposition, which has now been discussed at length. Therefore, the Court will permit Ms. Early's deposition, which must be taken by April 1, 2015 (*see* Rec. Doc. 58).

Likewise, the Court will not strike Ms. Early from the witness list. Significantly, Plaintiff timely filed his witness list, which included Ms. Early's name. Moreover, as the Court previously explained to the parties, such a treating physician is deemed an expert witness within the meaning of Rule 26(a)(2), yet need not provide an expert report. The Advisory Committee Notes to Rule 26 provide:

> For convenience, this rule and revised Rule 30 continue to use the term "expert" to refer to those persons who will testify under Rule 702 of the Federal Rules of Evidence with respect to scientific, technical, and other specialized matters. The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case or whose duties as an employee of a party regularly involve the giving of such testimony. *A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report.*

Fed. R. Civ. Pro. 26 (Advisory Notes) (emphasis added). Various courts within the Fifth Circuit have cited such language in ruling that no expert report is necessary for a treating physician. *See,*

*e.g.*, *Hamburger v. State Farm Mut. Auto. Ins. Co.,* 361 F.3d 875, 883 (5th Cir. 2004);

*Beechgrove Redevelopment, L.L.C. v. Carter & Sons Plumbing, Heating & Air-Conditioning,*

*Inc.*, No. 07-8446, 2009 WL 981724, at *3-4 (E.D. La. Apr. 9, 2009) (Barbier, J.); *see also*

*Knorr v. Dillard's Store Servs. Inc.,* No. 04-3208, 2005 WL 2060905, at *3 (E.D.La. Aug.22,

2005) (Vance, J.). This Court agrees with the plain language of the Advisory Comments and

these courts. It is also significant that Plaintiff has now provided Ms. Early's records as the

treating physician. Therefore, the Court will not strike Ms. Early from the witness list.

Accordingly,

      **IT IS ORDERED** that Defendant's motion to quash Ms. Early's deposition, (Rec. Doc.

44), is **DENIED.**

      **IT IS FURTHER ORDERED** that Defendant's motion for leave to file a reply, (Rec.

Doc. 46), is **DENIED AS MOOT.**

      **IT IS FURTHER ORDERED** that Defendant's motion for expedited consideration,

(Rec. Doc. 45), is **DENIED AS MOOT.**

      **IT IS FURTHER ORDERED** that Defendant's motion to strike Ms. Early, (Rec. Doc.

40), is **DENIED.**

      New Orleans, Louisiana, this 19th day of March, 2015.

UNITED STATES DISTRICT JUDGE