UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERIC BORCIK | CIVIL ACTION |
| VERSUS | NO. 13-06212 |
| CROSBY TUGS, LLC | SECTION "L" (2) |

## ORDER AND REASONS

Before the Court are cross motions for summary judgment from Plaintiff Erik Borcik ("Plaintiff" or "Mr. Borcik") and Defendant Crosby Tugs, LLC ("Crosby" or "Defendant"), (Rec. Docs. 55, 56). Having considered the parties' memoranda and the applicable law, the Court now issues this order.

### I.   BACKGROUND

On September 18, 2013, Mr. Borcik was terminated by Crosby Tugs, which had employed him since 2008. Plaintiff claims that Crosby's actions constitute retaliation against him after he reported illegal dumping. Initially, Mr. Borcik had been assigned to the M/V CARL JOSEPH, then was granted a transfer to the M/V MR. FARRELL. According to Plaintiff, he sent a letter to Crosby's safety department in the summer of 2010 concerning an alleged safety violation of the captain of the M/V MR. FARRELL. Plaintiff was transferred to the M/V NELDA FAYE, where he worked from approximately June 2010 until June 2013 and worked under the supervision of the vessel's captain, Ronnie Leblanc. According to Mr. Borcik, Mr. Leblanc instructed him to illegally dump used oil on numerous occasions into federal waters between Pascagoula, Mississippi, and Port Arthur, Texas. Allegedly, Mr. Leblanc threatened Mr. Borcik with termination if he did not comply with the unlawful instruction. Mr. Borcik alleges

that he sent three written complaints to the safety department, including letters in November 2010 and April 2011 that specifically referenced the illegal dumping. No copies of the letters have been located.

After Mr. Borcik complained to Crosby Tugs' safety department, Mr. Leblanc allegedly retaliated against him by changing his shifts from 12 to 20 hours and requiring him to perform work beyond that which was expected of others in his position. Mr. Borcik then allegedly complained to Crosby Tugs' human resources manager, Tara Cheramie. Mr. Borcik met with Ms. Cheramie in May 2013. As a result, he was transferred to the HUD JOSEPH and then the CROSBY TIDE. He was then terminated. Crosby alleges that Mr. Borcik was terminated for a nonretaliatory reason: rude and insubordinate behavior on the HUD JOSEPH. In contrast, Mr. Borcik alleges that he was terminated as retaliation. Mr. Borcik states that Crosby Tugs did not adhere to its discipline policy, which required that it issue a combination of oral and written warnings prior to termination. Mr. Borcik now brings this action asserting claims under the Louisiana Environmental Whistleblower Act ("LEWA").

## II. PRESENT MOTION

### A. Defendant's motion for summary judgment

Defendant moves for summary judgment on all of Plaintiff's claims. (Rec. Doc. 56). First, Defendant argues that some of Louisiana Whistleblower Act claims have prescribed under the one-year prescriptive period. Plaintiff filed the instant suit on October 21, 2013, thus Defendant argues that any claim of retaliatory conduct prior to October 21, 2012 has prescribed. Plaintiff, for example, filed two written complaints in 2010 and 2011. Second, Defendant argues that Plaintiff cannot demonstrate facts sufficient to establish the elements of his retaliation claim under LEWA.

Plaintiff opposes summary judgment, (Rec. Doc. 62), emphasizing the fact-intensive nature of his claims and that he has substantial evidence of all the required elements. Plaintiff also notes that credibility is a key question here, making summary judgment for Defendant inappropriate. Plaintiff does not mention Defendant's prescription argument.

By leave of Court, Defendant replies. (Rec. Doc. 64).

### B. Plaintiff's motion for partial summary judgment

Plaintiff moves for partial summary judgment. (Rec. Doc. 55). Specifically, Plaintiff seeks dismissal of some of Defendant's affirmative defenses. Plaintiff alleges that these alleged affirmative defenses are merely boilerplate and have no support.

Defendant acknowledges that some affirmative defenses have not been pursued, but asserts that several of its affirmative defenses have been sufficiently developed such that summary judgment would be inappropriate. (Rec. Doc. 60).

### III. DISCUSSION

### A. Statement of Law

Summary judgment is appropriate if the moving party can show "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Under Federal Rule of Civil Procedure 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). When the moving party has met its Rule 56(c) burden, the non-moving party cannot survive a motion for summary judgment by resting on the mere allegations of its pleadings. *See Prejean v. Foster,* 227 F.3d 504, 508 (5th Cir. 2000). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be

insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 253 (1986). Furthermore, "[t]he non-movant cannot avoid summary judgment . . . by merely making 'conclusory allegations' or 'unsubstantiated assertions.'" *Calbillo v. Cavender Oldsmobile, Inc.,* 288 F.3d 721, 725 (5th Cir. 2002) (quoting *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994)). In deciding a summary judgment motion, the court reviews the facts drawing all reasonable inferences in the light most favorable to the non-movant. *Id.* at 255.

### B.    Elements of a LEWA claim

The Louisiana Environmental Whistleblower Act provides:

No firm, business, private or public corporation, partnership, individual employer, or federal, state, or local governmental agency shall act in a retaliatory manner against an employee, acting in good faith, who does any of the following:
(1) Discloses, or threatens to disclose, to a supervisor or to a public body an activity, policy, practice of the employer, or another employer with whom there is a business relationship, that the employee reasonably believes is in violation of an environmental law, rule, or regulation.
(2) Provides information to, or testifies before any public body conducting an investigation, hearing, or inquiry into any environmental violation by the employer, or another employer with whom there is a business relationship, of an environmental law, rule, or regulation.

There are five requirements for a cause of action under the Louisiana Environmental Whistleblower Act:

1) employee acts in good faith; 2) employee reports, or threatens to report, a violation; 3) employee reasonably believes the activity, policy, or practice undertaken by his employer, or another employer with whom there is a business relationship with his employer, is a violation of an environmental law; 4) employee reports, or threatens to report, the violation to a supervisor or to a public body of the employer; and 5) employer acts in retaliatory manner because the employee reported, or threatened to report, a violation.

*Collins v. Louisiana,* 118 So.3d 43, 49 (La.App. 1st Cir.2013).

### C. Partial prescription of Mr. Borcik's claims

Under Louisiana law, LEWA claims are subject to a one-year prescriptive period. *Langley v. Pinkerton's Inc.*, 220 F.Supp.2d 575, 581 (M.D. La. 2002); *see Menson v. City of Baton Rouge*, 549 Fed.Appx.433, 434 (5th Cir. 2013). This action was filed on October 21, 2013. Defendant thus argues that all of Plaintiff's claims of retaliatory conduct occurring prior to October 21, 2012 have prescribed. Plaintiff does not respond to this argument in his brief. At oral argument, Plaintiff acknowledged that his claim was focused on the alleged retaliatory conduct in 2013.

Defendant cites a case out of the Middle District of Louisiana, *Price v. PCS Nitrogen Fertilizer, L.P.*, No. 03-153, 2010 WL 1005181, at *4 (M.D. La. Mar. 15, 2010), in which the District Judge found that the plaintiffs' LEWA claims had prescribed because they knew their rights were being violated for several years and failed to timely protect them. This Court finds *Price* persuasive as to any claims of retaliation prior to October 21, 2012. Specifically, Mr. Borcik allegedly sent two letters to the safety department, in November 2010 and April 2011, regarding the illegal dumping, and allegedly experienced retaliation shortly after sending those letters in the form of expanded work hours and verbal harassment. Because these allegations of retaliation are separate and distinct from the 2013 termination, and Mr. Borcik did not timely assert claims regarding the pre-October 2012 alleged retaliation, those claims have prescribed. The pre-October 2012 claims might be relevant to the 2013 claim but, having prescribed, are not valid stand-alone, substantive claims.

### D. Summary judgment is inappropriate for the 2013 LEWA claim

Although Crosby argues that it is entitled to summary judgment regarding Mr. Borcik's claim of 2013 LEWA retaliation, the Court holds that summary judgment is inappropriate. There

are multiple genuine issues of material fact as to whether Mr. Borcik has established all elements of his claim. For example, the evidence is not clear how, and why, Mr. Borcik was terminated. Although the parties agree that Mr. Borcik told Ms. Cheramie that he had been told to illegally dump, they disagree about whether, and how, Ms. Chermaie responded to the matter. The evidence is not clear about the contents, and results of, an apparent investigation. The parties dispute Ms. Cheramie's role in the termination and Crosby's reason for terminating Mr. Borcik. Due to the fact-intensive nature of these significant issues, summary judgment is inappropriate.

### E.  Affirmative defenses

Mr. Borcik argues that Crosby never developed some of its affirmative defenses, thus those should be dismissed. Crosby does not oppose dismissal of a number of its initially pled affirmative defenses: (1) no allegation of fault or negligence, (2) no cause of action, (3) lack of procedural capacity, (4) improper venue, (5) lack of *in personam* jurisdiction, (6) objection to service of suit, (7) unavoidable accident, (8) *force majeure*, (9) Limitation of Shipowners Liability Act, (10) *McCorpen* defense and Rule 8(c), and (11) Rules 13(a)-(e). The Court agrees with the parties: due to lack of development and pursuit, summary judgment is appropriate as to these affirmative defenses.

Additionally, Mr. Borcik seeks summary judgment in his favor regarding Crosby's affirmative defense of prescription, noting that Crosby cannot show that the 2013 claims have prescribed. As this Court has discussed, however, the Crosby's prescription argument is in regards to the pre-October 2012 claims of retaliation, and those claims have indeed prescribed. Therefore, it would be inappropriate to grant summary judgment in Mr. Borcik's favor regarding the affirmative defense of prescription.

Lastly, a number of the affirmative defenses involve genuine issues of material fact such that summary judgment is inappropriate, including (1) comparative fault or negligence, (2) third-party fault, (3) failure to mitigate, (4) proper and workmanlike manner, and (5) defense, indemnity, contribution or set off.

### IV.     CONCLUSION

Accordingly,

**IT IS ORDERED THAT** Defendant's motion for summary judgment is **GRANTED INSOFAR AS** Mr. Borcik's claims of retaliation prior to October 21, 2012 have prescribed; and the motion is **OTHERWISE DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for partial summary judgment is **GRANTED AS TO** the affirmative defenses of (1) no allegation of fault or negligence, (2) no cause of action, (3) lack of procedural capacity, (4) improper venue, (5) lack of *in personam* jurisdiction, (6) objection to service of suit, (7) unavoidable accident, (8) *force majeure*, (9) Limitation of Shipowners Liability Act, (10) *McCorpen* defense and Rule 8(c), and (11) Rules 13(a)-(e); and the motion is **OTHERWISE DENIED**.

New Orleans, Louisiana, this 2nd day of April, 2015

_____
UNITED STATES DISTRICT JUDGE